# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: OCTOBER 29, 2009
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2008-SC-000842-MR

BLAKE HADDIX          APPELLANT

V.

ON APPEAL FROM BREATHITT CIRCUIT COURT
HONORABLE FRANK A. FLETCHER, JUDGE
NO. 03-CR-00139

COMMONWEALTH OF KENTUCKY          APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant Blake Haddix appeals to this Court from a judgment of the Breathitt Circuit Court denying him a new trial. Finding no error in the circuit court's judgment regarding alleged juror mendacity, we affirm.

## I. BACKGROUND

Appellant was tried and convicted of murder and second-degree assault, and sentenced to 35 years imprisonment and 5 years imprisonment, respectively, to be served consecutively. Haddix appealed to this Court, alleging that three jurors failed to disclose relevant facts on their jury questionnaires, or during voir dire.

This Court vacated the judgment and sentence and remanded for an evidentiary hearing to determine whether Appellant was entitled to a new trial.[1] The circuit court conducted a hearing on October 3, 2008. After hearing testimony from the three jurors, the circuit court denied Appellant's motion for a new trial, and resentenced him in accordance with the jury's original sentence. Haddix now appeals the circuit court's denial of his motion for a new trial.

In remanding, this Court held that it was error for the trial court to not hold a hearing to determine whether there was misconduct related to three jurors. As to the first juror, Appellant discovered after remand that the juror was neither a non-resident of Breathitt County, nor a convicted felon, as Appellant had believed. Appellant stipulated to such at the hearing. As to the second juror, Appellant concedes that he cannot meet the necessary burden for this Court to reverse. Therefore, Appellant's claims on this appeal relate solely to the third juror, J.S.

## II. ANALYSIS

Appellant argues that it was error for the circuit court to not grant a new trial because (1) J.S. failed to disclose her and her family's involvement with the criminal justice system, (2) J.S.'s sister's husband was the victim's first cousin, and (3) J.S. failed to disclose that she has memory problems due to multiple sclerosis (MS).

---

[1] Haddix v. Commonwealth, No. 2007-SC-000214-MR, 2008 WL 3890352 (Ky. Aug. 21, 2008).

2

When, as here, no challenge is made to a juror's qualifications until after a verdict has been rendered, the challenging party "bears a heavy burden. It is incumbent upon such a party to allege facts, which if proven to be true, are sufficient to undermine the integrity of the verdict." Gordon v. Commonwealth, 916 S.W.2d 176, 179 (Ky. 1995).

In addition, to be entitled to a new trial as a result of juror mendacity during voir dire, a defendant must show (1) that a material question was asked, (2) that the juror answered the question dishonestly, and (3) that a truthful answer would have subjected the juror to being stricken for cause. Taylor v. Commonwealth, 175 S.W.3d 68, 74-75 (Ky. 2005). A juror should be stricken for cause "[w]hen there is reasonable ground to believe that a prospective juror cannot render a fair and impartial verdict on the evidence." RCr 9.36(1).

In reviewing the circuit court's findings of fact, we will not set them aside unless they are clearly erroneous. CR 52.01. We review the circuit court's denial of Appellant's motion for a new trial for an abuse of discretion. Brown v. Commonwealth, 174 S.W.3d 421, 428 (Ky. 2005).

## A. Juror Not Disclosing Previous Involvement With the Criminal Justice System

Prior to serving as a juror, J.S. filled out a Juror Qualification Form, which included the question "Have you or a family member been a defendant, witness, or complainant in a criminal case?". J.S. checked "No."

At the October 3, 2008 hearing, Appellant's counsel asked J.S. if she knew a Greg Carnes. J.S. did not remember the name until Appellant's counsel showed her a criminal complaint, in which J.S. alleged that Carnes "committed the offense of terroristic threatening." As the circuit court found in its Findings of Fact, "[a]fter reviewing the complaint, [J.S.] testified a man had beaten up one of her sisters at the Stidham Trailer Court and she either called in the complaint or filed a complaint on her sister's behalf."[2]

The Commonwealth asked J.S. if she recalled how the case against Carnes was resolved, because it appeared from court records that no action was taken. J.S. testified that she believed, but was not sure, that Carnes had been taken to Newport, Kentucky to face criminal charges there.

J.S. also testified that she had called the police on her husband for shooting at her, though it is unclear whether charges were ever filed. In addition, though not included in the circuit court's findings of fact, J.S. also testified that she may have called the police on her neighbor. It is not clear whether either of these incidents resulted in a criminal complaint.

J.S. also testified that her grandfather had been accused of murder approximately 50 years ago, when she was four years old, and apparently convicted. Her grandfather was then apparently exonerated when another person confessed to the murder. J.S. also testified that an uncle was shot and killed approximately 25 years earlier, and that a cousin had "been in trouble," though she did not know the specifics. When asked why she did not disclose

---

[2] Presumably, Carnes had also threatened J.S.

4

any of this on her Juror Qualification Form, J.S. testified that she thought the question referred only to her immediate family. She also suggested that she had not remembered some of these details.

Upon review of the record, we cannot say that the circuit court's findings of fact were clearly erroneous. Based upon these findings and other facts in the record, it is clear that J.S. was asked a material question ("Have you or a family member been a defendant, witness, or complainant in a criminal case?"). It is not clear, however, that J.S. answered the question dishonestly.

While J.S. alleged that Carnes committed the misdemeanor offense of terroristic threatening against her, it appears from her testimony that his aggression was directed primarily at her sister. J.S. may not have remembered the incident when she answered the Juror Qualification Form. In either case, a truthful answer would not have subjected J.S. to being stricken for cause. Being the victim of a crime does not automatically disqualify a juror. Bowling v. Commonwealth, 942 S.W.2d 293, 299 (Ky. 1997); Sanders v. Commonwealth, 801 S.W.2d 665, 670 (Ky. 1990). In no way does this isolated incident suggest that J.S. could not render a fair and impartial verdict on the evidence.

In addition, nothing in the record or in the facts found by the circuit court suggests any bias on the part of J.S stemming from her relatives' involvement with the criminal justice system. While Appellant argues that she was a "prosecution-oriented juror," J.S. also had a grandfather wrongfully

5

convicted of murder, which certainly would not make her "prosecution-oriented." In short, Appellant has not alleged facts "sufficient to undermine the integrity of the verdict." Gordon, 916 S.W.2d at 179. Therefore, the circuit court did not abuse its discretion in denying Appellant's motion for a new trial on these grounds.

**B.      Juror Not Disclosing Unknown Relationship to Victim's First Cousin**

During voir dire in Appellant's trial, the court asked the jurors whether anyone was related by blood or by marriage to the victims, Woodrow and Estill Mullins. Juror J.S. did not tell the court that she was related to either victim.

Appellant argues that J.S.'s sister's husband, William "Booter" Mullins, is the first cousin of the deceased, Woodrow Mullins. J.S. stated that she did not know much, if anything, about Booter Mullins's family. She had assumed that Booter was not related to Woodrow, because Booter's family did not look like Woodrow's family. J.S. testified that she did not learn that Woodrow and Booter were first cousins until after the trial, and she stated that it had no effect on her deliberations.[3]

Based on our review of the record, we cannot say that the circuit court's findings were clearly erroneous. Furthermore, based on the findings and other facts in the record, we cannot say that the circuit court abused its discretion in denying Appellant's motion for a new trial. While a material question was

---

[3] The circuit court denied Appellant's motion for a continuance to locate Booter Mullins in order for him to testify. Appellant's counsel stated that Booter Mullins would testify that he was Woodrow Mullins's first cousin. However, J.S.'s testimony had already established this fact.

asked, it does not appear that J.S. answered the question dishonestly. There was no evidence that J.S. was aware of the relationship between Booter and Woodrow at the time of trial. Furthermore:

> [W]here it is shown that relationship existed between juror and accused, and the juror is ignorant of the existence of kinship, he stands toward the accused as "an entire stranger, in so far as the affinity of blood might affect his verdict. It is the knowledge of the kinship and the feeling that arises from it that works the disqualification; and, if the knowledge is absent, the disqualification disappears."

Reed v. Commonwealth, 273 Ky. 607, 117 S.W.2d 589, 592 (1938) (quoting Miracle v. Commonwealth, 148 Ky. 453, 146 S. W. 1136, 1140 (1912)). C.f. Anderson v. Commonwealth, 864 S.W.2d 909, 911-12 (Ky. 1993) (evidence that juror concealed relationship by marriage to complainant's boyfriend). The circuit court did not abuse its discretion in overruling Appellant's motion for a new trial on these grounds.

## C.     Juror Not Disclosing That She Has Memory Problems Due to Multiple Sclerosis

In the course of questioning J.S. at the October 3, 2008 hearing, J.S. stated for the first time that she had multiple sclerosis (MS), and that she suffered from short-term memory problems. J.S. assumed that these memory problems were the result of her MS. She also stated that she does not take any medication for her MS.

J.S. testified that she asked to be excused from jury service due to work obligations. Appellant's counsel pointed out that, even though J.S. did not

7

want to serve as a juror, she had not mentioned her MS on her Juror Qualification Form. The Form had a section stating "I ask to be PERMANENTLY EXCUSED from jury service due to a PERMANENT MEDICAL CONDITION." J.S. did not check the box next to this statement, and she left it blank. During voir dire, the court also asked, "Do any of you have any physical or health problems that would prevent you from sitting on this four-day trial?". J.S. did not respond.

Upon questioning by the court at the October 3, 2008 hearing, J.S. testified that she was currently employed as a school bus driver for the Breathitt County Board of Education, and that she had passed a physical in order to obtain that position. The court found this fact significant in both its oral and written conclusions. In particular, the court found it significant that J.S. had been found fit to hold a position involving the safety of children. Appellant argued that being a school bus driver involved a different set of skills, and did not require the same ability to recall facts that is involved in serving as a juror.

Upon review of the record, we again cannot say that the circuit court's findings of fact were clearly erroneous. In addition, it is not even clear from the record that J.S. was ever asked a material question about her MS. While the Juror Qualification Form gives potential jurors the option of requesting to be permanently excused due to a permanent medical condition, the Form does not specifically ask about medical conditions. J.S. may have simply assumed that

her MS would not qualify. The court asked during voir dire whether a medical condition would prevent a juror from sitting for a four-day trial. Based on the fact that J.S. did sit for the entire trial, she obviously answered this question honestly.

In addition, we cannot say that J.S. should have been stricken for cause had her MS been known before trial. With regard to a juror with a disability, Appellant is required to present evidence of prejudice resulting from that juror's participation. Woodard v. Commonwealth, 147 S.W.3d 63, 69 (Ky. 2004). No such evidence has been presented here. "Many jurors have somewhat less than perfect hearing or vision, or have other limitations on their abilities to assimilate or evaluate testimony and evidence. A defendant is not entitled to a perfect trial, but only a fair one." Id. (quoting United States v. Dempsey, 830 F.2d 1084, 1088 (10th Cir. 1987)). The circuit court did not abuse its discretion in denying Appellant's motion for a new trial based on J.S.'s disclosures about her MS.

## III.  CONCLUSION

Appellant has failed to show that any information that J.S. did not disclose, had it been known, would have resulted in her being stricken from the jury for cause. Therefore, Appellant has not shown facts sufficient to undermine the integrity of the jury's verdict. The circuit court did not abuse its discretion in denying Appellant's motion for a new trial. For the forgoing reasons, the judgment of the Breathitt Circuit Court is hereby affirmed.

9

All sitting.  All concur.


COUNSEL FOR APPELLANT:

Bruce William Francisky
Attorney at Law
P.O. Box 4155
Winchester, KY  40392


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General

Christian Kenneth Ray Miller
Assistant Attorney General
Office of the Attorney General
Office of Criminal Appeals
1024 Capital Center Drive
Frankfort, KY  40601